UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-450-GWU

JOHN C. TURNER, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Turner's counsel has filed a motion for fees under the Equal Access to Justice Act (EAJA), seeking $150.00 per hour for 42.55 hours of work in his successful appeal. The defendant has objected that his position was "substantially justified," objects to the hourly rate, to the number of hours charged, and to the expenses of service on the Attorney General, and additionally maintains that EAJA fees should be made payable to the plaintiff in the absence of a written agreement assigning the fees to his attorney.

## SUBSTANTIALLY JUSTIFIED

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when " . . . the position of the government is not substantially justified." The tern "substantially justified"' has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would

06-450  John C. Turner

satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989) (citations omitted).  A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified."  Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

## FEE RATES

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed."  28 U.S.C. § 2412(d)(2).  There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap.  Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000).  Additionally, cost of living and "special factors" may justify increasing the rate above the cap.  28 U.S.C. § 2412(d)(2).

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984).  In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district.  London v. Hatter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  The burden is on the plaintiff to

06-450  John C. Turner

provide evidence that the rates he requests are in line with appropriate community rates.  Blum, 465 U.S. at 895.

After the court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases.  Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992).  Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute.  Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate.  28 U.S.C. § 2412(d)(2)(A).  However, this term has been fairly narrowly interpreted by the Supreme Court.  Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation).  Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement.  Chynoweth v. Sullivan, 920 F.2d 846, 650 (10th Cir. 1990).

06-450  John C. Turner

## DISCUSSION

The court has no difficulty finding that the agency decision was <u>not</u> substantially justified for the reasons identified by the plaintiff in <u>Plaintiff's Response to Commissioner's Opposition to Plaintiff's Motion for Attorney Fees</u>, Docket Entry No. 18, pp. 1-2.  Therefore, the plaintiff is eligible for a fee award.

As to the hourly rate, the court is persuaded by the <u>Commissioner's Response to Plaintiff's Motion for an Attorney Fee</u>, Docket Entry No. 17, pp. 6-7. The plaintiff's counsel has not provided specific proof that the reasonable and customary attorney fee for comparable work in the Southern Division exceeds $125.00 per hour.  Nor was the case so unusual that it was capable of being performed by only a few practitioners.

The defendant specifically objects to 6.2 hours charged by counsel, for what are said to be relatively routine matters.  The court agrees that it should not take one hour to review the standing briefing order in Social Security cases, and the time allowed for this will be reduced to .1 hours; .9 hours will also be deducted from the 1.9 hours claimed for mailing the complaint to the United States Attorney, the Commissioner, and the Attorney General, and consistent with the court's past practice and <u>Coulter v. State of Tennessee</u>, 805 F.2d 146 (1986), the number of hours claimed for preparing the EAJA petition will be reduced from 3 to 1.  This leaves 39.55 hours.

4

06-450 John C. Turner

The court believes that counsel has offered a sufficient rationale for the expense of serving the Attorney General by Federal Express. Plaintiff's Response, supra, p. 4.

Finally, on the question of paying EAJA fees directly to plaintiff's counsel.

On the second issue, in light of a recent ruling by Chief Judge Jennifer B. Coffman, in Powell v. Astrue, London Civil Action No. 07-93-JBC (E.D. Ky. June 2, 2008), the undersigned believes that the weight of recent authority supports the Commissioner's position. Citing opinions from the Tenth and Eleventh Circuits, Judge Coffman noted that "the clear language of the statute requires attorney's fees to be awarded to the plaintiff as the 'prevailing party,' rather than to the plaintiff's attorney." Slip op. at 3. See Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir. 2008); Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008). Although these cases are not binding precedent in this court, they are highly persuasive.[1]

Accordingly,

IT IS HEREBY ORDERED that:

---

[1] The undersigned notes that as a practical matter, in the majority of attorney fee petitions which have become ripe since the Commissioner asserted his new stance in August, 2007, attorneys have been able to obtain written fee assignments from their clients, even though the cases had already been won. There does not appear to be any reason to expect, therefore, that attorneys cannot obtain assignments as a matter of course when initially retained, and, since counsel can then expect to be awarded fees routinely, there should not be any impact on the ability of a claimant to obtain representation.

5

06-450  John C. Turner

(1)     the plaintiff's Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART; and

(2)     the plaintiff is awarded $4,943.75 in fees (39.55 hours x $125.00 per hour), $350.00 in costs, and $25.30 in expenses.

This the 30th day of July, 2008.

Signed By:
**G. Wix Unthank**
**United States Senior Judge**