UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-450-GWU

JOHN C. TURNER, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

Counsel for the plaintiff has filed a motion to alter or amend (styled a "motion for relief") the court's Memorandum Opinion and Order of July 30, 2008 awarding his client attorney's fees under the Equal Access to Justice Act (EAJA), 20 U.S.C. § 2412(d), and requesting that the fees be paid directly to counsel. He also requests leave to file for additional payment for litigating the issue.

Counsel cites the unpublished case of King v. Commissioner of Social Security, 230 Fed. Appx. 476, 2007 WL 930275 (6th Cir. 2007) in support of his position. As the undersigned noted in Honaker v. Astrue, Lexington Civil Action No. 07-197-GWU (July 30, 2008), King does not squarely address the issue in the present case; nor are unpublished opinions binding authority, although they can be persuasive authority. Harper v. Autoalliance International, 392 F.2d 195, 205 n. 3 (6th Cir. 204) (citations omitted). The general language in King that "attorney's fees

1

06-450  John C. Turner

awarded under EAJA are payable to the attorney; they are awarded for the benefits of the party, but the money is not the party's to keep" is not central to the holding in the case, which concerned a District Court order denying a motion for attorney's fees under EAJA because it had been brought on behalf of the plaintiff's counsel alone, rather than on the claimant's behalf.  The Sixth Circuit reversed because the pleadings as a whole established that the attorney was seeking fees on behalf of his client.  Therefore, King does not squarely address the issues in this case.

The court finds unpersuasive counsel's argument that the "savings provision" of EAJA, Publ. 99-80, § 3, 99 Stat. 186 is inconsistent with an award of fees to a plaintiff.  The fact that an attorney must return to his client the smaller of the two fee awards under EAJA and 42 U.S.C. § 406(b) is designed to prevent an attorney from receiving double compensation. Manning v. Astrue, 510 F.3d 1246, 1251 (10th Cir. 2007).  The presence of this provision actually serves to underline the fact that Congress chose to use different language in EAJA (awarding "to a prevailing party fees and other expenses . . . incurred by that party") and § 406(b) (allowing a court to award a fee not in excess of 25 percent of past-due benefits where a claimant was represented before the court by an attorney, and permitting the Commissioner to "certify the amount of such fee for payment to such attorney . . .") (emphasis added).

06-450 John C. Turner

Regarding counsel's extensive comparison of EAJA with other fee shifting statutes, the undersigned finds the Tenth Circuit's discussion of the issue more compelling. Manning, 510 F.3d at 1250.

Accordingly, the Motion to Alter or Amend is DENIED.

This the 10th day of September, 2008.

Signed By:
G. Wix Unthank
United States Senior Judge